IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS J. NAVIGLIA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>ACTING COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 15-660 |

## MEMORANDUM AND ORDER OF COURT

AND NOW, this _____ day of September, 2016, upon due consideration of the parties' cross-motions for summary judgment relating to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for disability insurance benefits on May 30, 2013, alleging a disability onset date of March 1, 2013, solely due to neck and back pain. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on September 12, 2014, at which plaintiff, represented by counsel, appeared and testified. On October 24, 2014, the ALJ issued a decision finding that plaintiff is not disabled. On March 25, 2015, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 64 years old at the time of the ALJ's decision and is classified as a person of advanced age under the regulations. 20 C.F.R. §404.1563(e). He has a college education and has past relevant work experience as a software engineer, software developer and insurance agent, but he has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records, hearing testimony from plaintiff and considering a vocational expert's answers to written interrogatories, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although plaintiff has the severe impairments of degenerative disc disease of the cervical and lumbar spine, L4-L5 spondylolisthesis, cervical stenosis at C4-C5, C5-C6 and C6-C8 and status post cervical discectomy and fusion, none of those impairments, alone or in combination, meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity ("RFC") to engage in work at the sedentary exertional level but with numerous restrictions necessary to accommodate the limitations arising from his impairments.[1] Comparing plaintiff's residual

---

[1] Specifically, the ALJ found that plaintiff has the RFC to perform sedentary work with the following restrictions: he is "limited in the use of the bilateral upper extremities to no more than occasional overhead reaching or unsupported forward extension and no more than occasional fine manual dexterity, picking, or pinching; limited to no more than incidental postural adaptation (*i.e.*, stoop, kneeling, crouch, crawl, or balance), and no climbing of ladders, ropes, or scaffolds; precluded from all exposure to hazards such as unprotected heights and dangerous machinery; afforded a discretionary sit/stand option; and is

functional capacity with the physical and mental demands of his past relevant work, and in reliance on the vocational expert's interrogatory responses, the ALJ found that plaintiff is capable of performing all of his past jobs as they actually and generally are performed. (R. 26). Accordingly, the ALJ concluded at step 4 of the sequential evaluation process that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §404.1520. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 540 U.S. 20 (2003).

Here, plaintiff's sole argument on appeal is that the ALJ erred in failing to acknowledge or evaluate plaintiff's complaints of urinary incontinence. Plaintiff alleges that the ALJ should

---

relegated to tasks entailing no more than occasional movement of the head or neck throughout a full range of cervical flexion, extension, or rotation, with incidental being defined at all times herein as totaling up to but not more than 1/6 of a routine work shift." (R. 22-23).

[2] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003).

have made a determination as to whether urinary incontinence was a severe impairment at step 2, and that he should have considered additional limitations resulting from urinary incontinence in assessing plaintiff's residual functional capacity. Upon review, the court is satisfied that the ALJ committed no reversible error by not addressing plaintiff's allegations of urinary incontinence, and that the ALJ's finding of not disabled is supported by substantial evidence.

During the entire course of the administrative proceedings in this case, plaintiff alleged disability exclusively on the basis of impairments and pain of the back and neck. At no point did plaintiff ever assert disability because of urinary incontinence. Upon his evaluation of all of the evidence, the ALJ entered an unfavorable decision finding that plaintiff is not disabled because of his back and neck impairments and pain. Plaintiff does not raise a single challenge to the ALJ's evaluation of the evidence or conclusions relating to those impairments.

Instead, plaintiff now alleges that the ALJ erred by failing to consider isolated references in the record indicating that plaintiff intermittently complained to medical treatment providers of urinary incontinency or changes in urinary urgency and frequency. (R. 310-316; 492-98; 503; 588; 595). At the hearing before the ALJ, in discussing what difficulties he was encountering following his back surgery, plaintiff briefly alluded to urinary leaking if he sits "for a long period of time." (R. 37; 40). Plaintiff seeks a remand for consideration of this "impairment." The court finds that a remand would not be appropriate in this case.

"Disability" under the regulations is defined as "the inability to do substantial gainful activity by reason of any medically determinable physical or mental impairment." 20 C.F.R. §404.1505. By its basic definition an impairment means "a medically determinable impairment" and therefore it "must result from anatomical, physiological or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic

AO 72
(Rev. 8/82)

techniques." 20 C.F.R. §404.1508. An impairment must be established by medical evidence "consisting of signs, symptoms and laboratory findings," not merely a claimant's statement of symptoms. Id.

As an initial matter, it is not even clear whether plaintiff's urinary incontinence even constitutes an "impairment" under the regulations. As the Commissioner points out, diagnostic tests administered upon plaintiff's complaints of increases in urinary urgency and frequency and urinary incontinence revealed normal findings. On March 5, 2012, Dr. Frank Brown reported that plaintiff's urinalysis was negative and his prostate-specific antigen ("PSA") level was normal. (R. 588). Dr. Brown's records from December 13, 2013, also noted occasional leaking of urine but plaintiff did not have a distended bladder. (R. 492-98). Plaintiff was treated only with medication. On January 24, 2014, plaintiff's cystoscopy examination returned normal results. (R. 489-91).

Even if plaintiff's urinary incontinence could be deemed an impairment under the regulations, however, it is well settled that disability is not determined merely by the presence of an impairment, but by the effect that impairment has upon the individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Here, plaintiff cannot show that his urinary incontinence resulted in any specific work-related limitations. Accordingly, the ALJ's failure to consider it at step 2 in this case would amount to nothing more than harmless error.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe medically determinable physical ... impairment that meets the duration requirement ...." 20 C.F.R. §404.1520(a)(4)(ii). An impairment is "severe" if it "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §404.1520(c).

The duration requirement mandates that the severe impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 42 U.S.C. §423(d)(1)(A); *see also* 20 C.F.R. §404.1509.

The step two inquiry is a *de minimus* screening device and, if the evidence presents more than a slight abnormality, the step two requirement of severity is met and the sequential evaluation process should continue. Newell, 347 F.3d at 546. The claimant bears the burden at step 2 of establishing that an impairment is severe. *See* McCrea v. Commissioner of Social Security, 370 F.3d 357, 360 (3rd Cir. 2004).

Here, while not an exacting one, it nevertheless was plaintiff's burden to show that he had a medically determinable urinary impairment that would result in more than a *de minimus* effect on his ability to perform basic work functions. He did not meet that burden. Although plaintiff testified that he leaks urine after he sits for a long period of time, (R. 37), there is no evidence indicating that his incontinence would effect his ability to perform basic work functions. Accordingly, the court finds no error in the ALJ's failure to consider plaintiff's urinary incontinence at step 2.

It also is important to note that the ALJ did not deny plaintiff's claim at step 2. McCrea, 370 F.3d at 360-61 (the Commissioner's determination to deny a claim at step 2 "should be reviewed with close scrutiny" because step 2 "is to be rarely utilized as a basis for the denial of benefits".) Instead, the ALJ considered the impact of all of plaintiff's medically determinable impairments, severe and not severe, on plaintiff's residual functional capacity and found plaintiff not disabled at step 4. In reviewing the medical evidence, it is clear that the ALJ considered all of the records containing any isolated references to urinary incontinence and found no additional limitations that would result therefrom. Accordingly, the ALJ's failure to

AO 72
(Rev. 8/82)

consider urinary incontinence at step 2 had no effect on the ultimate determination of non-disability.

Similarly, plaintiff's argument that the ALJ's residual functional capacity finding[3] failed to account for additional work-related limitations arising from his urinary incontinence likewise is without merit, as any additional limitations simply were not supported by the objective medical evidence.[4]

The court is satisfied that the ALJ's residual functional capacity finding in this case is supported by substantial evidence as outlined in the decision, and that the ALJ's hypothetical to the vocational expert incorporating that residual functional capacity finding adequately accounted for all of plaintiff's limitations that were supported by the objective evidence.

---

[3] Residual functional capacity is defined as the most an individual still can do in a work setting despite the limitations caused by his impairments. Fargnoli, 247 F.3d at 40; 20 C.F.R. §404.1545(a)(1). Residual functional capacity is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work-setting on a regular and continuing basis, which means "8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p. In assessing residual functional capacity, the ALJ is to consider all of the relevant medical and other evidence in the case record in determining the individual's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(3)-(4); SSR 96-8p. The ALJ's residual functional capacity finding must "'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 577 F.3d at 41 (citation omitted).

[4] The only evidence that plaintiff offers in support of additional limitations arising from urinary incontinence is a report from Dr. Patrick Smith suggesting that plaintiff's symptoms, including pain and intermittent urinary incontinence, would impact plaintiff's ability to maintain concentration or work pace on even simple, routine tasks for 85% of the day. (R. 715). However, this report was presented for the first time to the Appeals Council and cannot be considered by this court on substantial evidence review. Nor is plaintiff entitled to a remand for consideration of this report. When a claimant proffers evidence in the district court that previously was not presented to the ALJ, the district court's determination of whether to remand to the Commissioner is governed by Sentence 6 of §405(g) of the Act. See Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). Sentence 6 permits remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See also Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). "[A] claimant must satisfy all three requirements of Sentence 6 (new, material and good cause) in order to justify a remand." Matthews at 594; Szubak at 833. Plaintiff cannot show that Dr. Smith's report is new or material, nor has he even attempted to show good cause for not presenting it to the ALJ. Plaintiff offers no explanation as to why this evidence could not have been presented to the ALJ since it is based on Dr. Smith's treatment of plaintiff since 2012, and otherwise it is not material because his opinion that plaintiff would be off task 85% of the time is not supported by any objective medical evidence.

Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984)(RFC and hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record). Accordingly, the vocational expert's response to that hypothetical indicating that, despite those restrictions, plaintiff can perform all of his past relevant work, constitutes substantial evidence supporting the ALJ's step 4 finding that plaintiff is not disabled.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

_____
Gustave Diamond
United States District Judge

cc: Michael V. Quatrini, Esq.
Quatrini Rafferty, P.C.
550 East Pittsburgh Street
Greensburg, PA 15601

Paul Kovac
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

AO 72
(Rev. 8/82)